FRANK W. MALLOY AND ANOTHER, APPELLANTS, *v.* THE BOARD OF HEALTH OF THE TOWN OF MAMARONECK, RESPONDENT.

*Public health — work directed by a town board of health is a town charge — Laws of 1885, chap. 270, sec. 5.*

Under the general act for the preservation of the public health (Laws of 1885, chap. 270, § 5), a drain, built under a contract with a town board of health, and designed to abate a nuisance, is a town charge, and a claim therefor must be presented to the town auditors for audit. There exists no liability to pay the cost of its construction on the part of the members of a town board of health as such.

APPEAL by the plaintiffs, Frank W. Malloy and William V. Malloy, from a judgment entered in the office of the clerk of Westchester county on the 4th day of April, 1891, in favor of the defendant, for costs, after a trial at the Westchester Circuit before the court and a jury.

The defendant accepted the plaintiffs' bid to build a sewer in the town of Mamaroneck for $445, which sewer was to drain certain cellars which had been declared by defendant to be a nuisance. This action was brought to recover the amount of said bid, less certain payments which had been made thereon.

*C. H. & J. A. Young*, for the appellants.

*Arthur T. Hoffman*, for the respondent.

BARNARD, P. J.:

The plaintiffs performed work under a contract with the defendant. The expense was a town charge. (Laws of 1885, chap. 270.) The Board of Health has no place as a defendant. It is a town agency only. The claim must be presented to the town auditors for audit. (*Myers* v. *Barnes*, 114 N. Y., 324; *People ex rel. Board of Health, etc.,* v. *Board of Supervisors of Monroe County*, 18 Barb., 567; *Bell* v. *Town of Esopus*, 49 id., 506.)

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.